[No. 30577. Department One. November 16, 1948.]

Lynn Marble, *Respondent*, v. J. W. Feak, *Appellant*.[1]

C. D. *Cunningham*, for appellant.

J. D. *Searle*, for respondent.

Hill, J.—The question presented is solely one of fact. The trial court found that the respondent had sold to the appellant a carload of lumber; that the sale was made and the contract and terms thereof agreed upon between the respondent and George Risch, who had apparent and actual authority to make such contract as the agent of the appellant. If such agency existed, the appellant was liable for the contract price of the lumber, and the judgment against him must be affirmed.

There is no gainsaying that the trial court might well have found that Risch, though an employee of, had no authority to buy lumber for, the appellant; that Risch did buy and sell some lumber on his own account, and that he had used the name Tri-State Lumber Company, under which the appellant did business, before the appellant adopted it; that Risch continued to use that name whenever he deemed it advantageous to do so; and that he did not hesitate to

[1]Reported in 199 P. (2d) 66.

represent that he and the appellant were business associates when that served his purpose. Much of the respondent's own testimony was entirely consistent with such a state of facts.

There was, however, evidence—somewhat meager, it is true, but sufficient if believed—to justify the trial court in its finding that the lumber in question was ordered by Risch for the appellant. The respondent's account of what occurred when he went to the appellant's office with the news that demurrage was accruing because the lumber had not been accepted by the consignee, was as follows:

"Mr. Feak took the papers in question into the next office and asked questions in there if they could charge that demurrage against him without notifying him. That as long as he didn't get any notification he didn't think they had a right to charge this demurrage to him unless they notified him."

Appellant's prior payment of one hundred fifty dollars to the respondent, with a notation on the check, "Adv. on Maple Car M.P. 41272," and his subsequent payment of Risch's note at an Olympia bank to secure the release of the bill of lading covering the shipment of the carload of lumber in question, are entirely consistent with his asserted role of good Samaritan trying to get Risch and the respondent out of a "jam," as is his putting the matter of collection from the consignee in the hands of his own attorneys. But, viewed in the light of his concern over his liability for the demurrage, those acts are also consistent with his purchase of the lumber from the respondent, and support the inference that it was in fact his lumber.

As we said in *Spath v. Larsen*, 20 Wn. (2d) 500, 506, 148 P. (2d) 834,

"While from examination of the record our evaluation of the evidence might differ from that of the trial court, it cannot be said that the evidence preponderates against the finding. We accordingly decline to set aside the court's ruling upon the issue referred to."

The judgment is affirmed.

BEALS, JEFFERS, STEINERT, and SCHWELLENBACH, JJ., concur.